PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 17 2006

at 10 o'clock and 54 min. a M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: CONRAD SILVA       Case Number: CR 00-00111SOM-02

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 9/11/2000

Original Offense:   <u>Count 1</u>: Conspiracy to Possess With Intent to Distribute and Distribute Methamphetamine Within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 860(a) and 846, a Class B felony

<u>Count 2</u>: Aiding and Abetting the Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of a School, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2, a Class B felony

Original Sentence:   Twenty-four (24) months imprisonment as to each of Counts 1 and 2 of the Indictment, all such terms to run concurrently, to be followed by six (6) years of supervised release as to each of Counts 1 and 2 of the Indictment, all such terms to run concurrently, with the following special conditions:  1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) Without the prior approval of the Probation Office, the defendant shall not enter the area which is bordered by Dillingham Boulevard, Waiakamilo Street, Kalihi Street, and King Street as depicted in the map to be attached to the Judgment; and 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12B
(7/93)

2

Modified
Sentence:   On 7/21/2004, the Court modified the conditions of supervision to include:  5) That the defendant shall not purchase, possess or consume alcohol.

On 11/28/2005, the Court modified the conditions of supervision to include the following revised conditions:  General Condition - That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day; and Special Condition No. 2 - That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

<u>Type of Supervision:  Supervised Release     Date Supervision Commenced:  5/28/2002</u>

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

Special Condition No. 6:   That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.  The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Prob 12B
(7/93)

3

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject's urine specimen of 1/26/2006 tested positive for methamphetamine. |
| 2. Special Condition No. 2 | The subject refused to comply with drug testing on 2/8/2006. |

On 7/20/2004, Your Honor was informed that the subject was arrested for Abuse of Family or Household Member on 7/2/2004. The incident involved the subject consuming alcohol and getting into a physical altercation with his girlfriend. Our office recommended the addition of a special condition that prohibited the subject from the purchase, possession or consumption of alcohol. Your Honor concurred with this recommendation. The abuse charge was later reduced to Harassment and on 11/29/2004, the subject was sentenced to pay a $1,000 fine with no other conditions imposed.

On 11/28/2005, Your Honor was informed that the subject consumed alcohol on 10/19/2005 in violation of the added special condition. As a result, the subject was referred to Dr. Kevin Connors, a Certified Substance Abuse Counselor and licensed psychologist, for substance abuse treatment and to address relationship issues the subject was experiencing. Our office also recommended that the Court modify the mandatory drug testing condition (General Condition), and that Special Condition No. 2 be revised to include updated language. Your Honor concurred with this recommendation.

On 1/18/2006, Your Honor was notified that the subject's urine specimen of 12/22/2005 tested positive for methamphetamine during an unannounced home inspection. The subject admitted using methamphetamine on 12/19/2005. The subject was verbally admonished. As a corrective sanction, the subject was returned to random drug testing at Freedom Recovery Services (FRS). Because the subject was already participating in weekly substance abuse and psychological counseling with Dr. Connors, no further action was recommended. Your Honor concurred with this recommendation.

This report serves to notify the Court of additional violations. On 1/26/2006, this officer conducted an unannounced home inspection of the subject's residence at 7:30 p.m. While at the residence, the subject provided a urine specimen which tested positive for methamphetamine. When questioned, the subject admitted that he used methamphetamine on 1/25/2006. He admitted that although he was receiving counseling from Dr. Connors, he did not have his drug use under control and was willing to attend additional counseling. As a result, the subject was referred to the FRS Intensive Outpatient Program (IOP). This consists of at least thirty-six (36) three (3) hour sessions of substance abuse counseling, which meets three (3) times per week. The subject also continues to meet with Dr. Connors weekly for additional counseling.

Prob 12B
(7/93)

4

    Furthermore, our office was informed by FRS that on 2/8/2006, the subject failed to report for drug testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. The subject stated that he forgot to submit a urine specimen on 2/8/2006 after he completed his IOP counseling session at FRS. The subject was verbally admonished and warned to not be so forgetful in the future.

    Despite the above violations, it is respectfully recommended that the Court allow the subject to remain under the supervision of our office. The subject is gainfully employed as a union electrician and was admonished and warned that any future drug use would likely result in revocation proceedings being initiated by our office.

    In an effort to appropriately sanction the subject and to monitor his activities in the community more closely, it is respectfully recommended that the Court modify the subject's conditions of supervision to require him to serve three (3) months of home detention with electronic monitoring. As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed sanction.

                                                     Respectfully submitted by,

                                                     FRANK M. CONDELLO, II
                                                     U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/14/2006

Prob 12B
(7/93)

5

THE COURT ORDERS:

[ X ]The Modification of Conditions as Noted Above
[  ]    Other

*signature*
SUSAN OKI MOLLWAY
U.S. District Judge

2/15/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

    6.    That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Witness: _/s/ Frank M. Condello, II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: _/s/ Conrad Silva_
CONRAD SILVA
Supervised Releasee

1/27/06
Date