PROB. 12B
(7/93)

**ORIGINAL**

# United States District Court

## for the

### DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 28 2006

at 3 o'clock and __ min __ M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  CONRAD SILVA          Case Number:  CR 00-00111SOM-02

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence:  9/11/2000

Original Offense:  <u>Count 1</u>: Conspiracy to Possess With Intent to Distribute and Distribute Methamphetamine Within 1,000 Feet of a School, in violation of 21 U.S.C. §§ 860(a) and 846, a Class B felony

<u>Count 2</u>: Aiding and Abetting the Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of a School, in violation of 21 U.S.C. § 860(a) and 18 U.S.C. § 2, a Class B felony

Original Sentence:  Twenty-four (24) months imprisonment as to each of Counts 1 and 2 of the Indictment, all such terms to run concurrently, to be followed by six (6) years of supervised release as to each of Counts 1 and 2 of the Indictment, all such terms to run concurrently, with the following special conditions:  1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) Without the prior approval of the Probation Office, the defendant shall not enter the area which is bordered by Dillingham Boulevard, Waiakamilo Street, Kalihi Street, and King Street as depicted in the map to be attached to the Judgment; and 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Prob 12B
(7/93)

2

Modified
Sentence:       On 7/21/2004, the Court modified the conditions of supervision to include: 5) That the defendant shall not purchase, possess or consume alcohol.

On 11/28/2005, the Court modified the conditions of supervision to include the following revised conditions: General Condition - That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day; and Special Condition No. 2 - That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 2/15/2006, the Court modified the conditions of supervision to include the following special condition: 6) That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Type of Supervision: Supervised Release    Date Supervision Commenced: 5/28/2002

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

   7)    *That the defendant serve an additional two (2) months for a total of five (5) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures*

*pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

**CAUSE**

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. General Condition | The subject admitted using methamphetamine on 2/13/2006, 3/7/2006, and 3/14/2006. |
| 2. Special Condition No. 2 | The subject refused to comply with drug testing on 2/20/2006, 3/8/2006, and 3/15/2006. |

On 7/20/2004, Your Honor was informed that the subject was arrested for Abuse of Family or Household Member on 7/2/2004. The incident involved the subject consuming alcohol and getting into a physical altercation with his girlfriend. Our office recommended the addition of a special condition that prohibited the subject from the purchase, possession or consumption of alcohol. Your Honor concurred with this recommendation. The abuse charge was later reduced to Harassment and on 11/29/2004, the subject was sentenced to pay a $1,000 fine with no other conditions imposed.

On 11/28/2005, Your Honor was informed that the subject consumed alcohol on 10/19/2005 in violation of the added special condition. As a result, the subject was referred to Dr. Kevin Connors, a Certified Substance Abuse Counselor and licensed psychologist, for substance abuse treatment and to address relationship issues the subject was experiencing. Our office also recommended that the Court modify the mandatory drug testing condition (General Condition), and that Special Condition No. 2 be revised to include updated language. Your Honor concurred with this recommendation.

On 1/18/2006, Your Honor was notified that the subject's urine specimen of 12/22/2005 tested positive for methamphetamine during an unannounced home inspection. The subject admitted using methamphetamine on 12/19/2005. The subject was verbally admonished. As a corrective sanction, the subject was returned to random drug testing at Freedom Recovery Services (FRS). Because the subject was already participating in weekly substance abuse and psychological counseling with Dr. Connors, no further action was recommended. Your Honor concurred with this recommendation.

On 2/14/2006, Your Honor was notified that the subject's urine specimen of 1/26/2006 tested positive for methamphetamine during an unannounced home inspection, and that the subject refused to comply with drug testing on 2/8/2006. The subject admitted using methamphetamine on 1/25/2006. The subject was verbally admonished. As a corrective measure, the subject was placed in the Freedom

Prob 12B
(7/93)

4

Recovery Services Intensive Outpatient Program (IOP). Our office also recommended that the Court modify the conditions of supervision to include a special condition for him to serve three (3) months of home detention with electronic monitoring. Your Honor concurred with this recommendation.

This report serves to notify the Court of additional violations. On 2/14/2006, the subject submitted a urine specimen at FRS, which was tested with a non-instrumented drug testing (NIDT) device, and was positive for methamphetamine. When questioned, the subject admitted using methamphetamine on 2/13/2006. The specimen was forwarded to a laboratory for confirmation and was found to be negative for methamphetamine. A possible explanation for the negative result would be that the level of methamphetamine in the subject's urine sample fell below the nationally recognized cut off level for this drug.

On 3/9/2006, this officer conducted an unannounced home inspection of the subject's residence, at 7:00 p.m. The subject provided a urine specimen to this officer, which was tested with an NIDT device, and was positive for methamphetamine. The subject admitted using methamphetamine on 3/7/2006. The specimen was forwarded to a laboratory and found to be negative for methamphetamine. The laboratory did indicate that the specimen was diluted.

Additionally, our office was informed by FRS that on 2/20/2006 and 3/8/2006, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. On 2/20/2006, the subject reported to FRS to attend his IOP counseling session, but failed to submit a urine specimen for testing. The subject claimed that he forgot to do so because he was tired from work and distracted by his counseling session. The subject was verbally reprimanded and warned to comply with drug testing in the future. On 3/8/2006, the subject was again attending his IOP session at FRS and failed to submit a urine specimen for testing. This time, the subject attempted to provide a urine specimen, but was unable to do so by closing time. The subject claimed that he was dehydrated after a bout of diarrhea. The subject was verbally admonished.

On 3/15/2006, the subject refused to provide a urine specimen at FRS for testing, after telling staff members that he used methamphetamine the previous day. The subject later stated to this officer that he refused to provide a urine specimen because he admitted to FRS staff that he had used methamphetamine. The subject was admonished by this officer. On 3/16/2006, the subject submitted a urine specimen at our office, which was tested with an NIDT device, and was positive for methamphetamine. The specimen was forwarded to a laboratory and the results are pending.

In light of the subject's most recent use of methamphetamine, it does not appear that the subject can address his illicit drug use appropriately through outpatient counseling. The subject admits that his addiction to methamphetamine is more powerful than he thought. As a result, the subject enrolled in a residential treatment program at Hina Mauka. He entered the program on 3/21/2006. This program is

approximately thirty (30) to forty-five (45) days in length and is covered by the subject's medical insurance through his employer. While the subject is attending residential treatment, his home detention with electronic monitoring will be suspended. The subject has completed approximately 1 month of home confinement with electronic monitoring. Even so, it is respectfully recommended that the Court modify the subject's conditions of supervision to require him to serve an additional two (2) months of home detention with electronic monitoring, for a total of five (5) months. The subject will resume his home detention with electronic monitoring upon successful completion of residential treatment. The extension of this sanction will assist our office in closely monitoring the subject when he is released from residential treatment and curb his dangerous habits.

The subject has been warned that any future violations involving illicit drug use or his failure to submit to drug testing will result in our recommendation that revocation proceedings be initiated.

As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this modification. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification.

Respectfully submitted by,

*Timothy M. Jenkins* for:

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 3/22/2006

Prob 12B
(7/93)

6

THE COURT ORDERS:

[ X ] The Modification of Conditions as Noted Above
[  ]    Other

*/s/ Susan Oki Mollway*
SUSAN OKI MOLLWAY
U.S. District Judge

3/28/06
Date

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]  To modify the conditions of supervision as follows:

7. *That the defendant serve an additional two (2) months for a total of five (5) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

Witness: _Frank M. Condello II_
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: _Conrad Silva_
CONRAD SILVA
Supervised Releasee

3/2/06
Date