Prob 12CAmended 1
(Rev. 3/06 D/HI)

# ORIGINAL

## United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 12 2008

at 2 o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. CONRAD SILVA          Docket No. CR 00-00111SOM-02

### AMENDED REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CONRAD SILVA, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 11th day of September 2000, who fixed the period of supervision at six (6) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant is prohibited from possessing any illegal or dangerous weapons.

2. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

3. Without the prior approval of the Probation Office, the defendant shall not enter the area which is bordered by Dillingham Boulevard, Waiakamilo Street, Kalihi Street, and King Street as depicted in the map attached to the Judgment.

4. That the defendant shall submit his or her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 7/21/2004, the Court modified the offender's conditions of supervised release to include:

5. That the defendant shall not purchase, possess or consume alcohol.

On 11/28/2005, the Court modified the offender's conditions of supervised release as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per

month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Updated language to Special Condition No. 2:  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

On 2/15/2006, the Court modified the offender's conditions of supervised release as follows:

6. That the defendant serve three (3) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.  The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

On 3/28/2006, the Court modified the offender's conditions of supervised release as follows:

7. That the defendant serve an additional two (2) months for a total of five (5) months of home detention with electronic monitoring as arranged by the Probation Office.  During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office.  The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.  The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

On 7/14/2006, the Court revoked supervised release for the following violations:  1) On 11/29/2004, the offender was convicted of Harassment; 2) The offender consumed alcohol on 10/19/2005; 3) The offender's urine specimens of 12/22/2005, 1/26/2006, 3/16/2006, and 6/14/2006 tested positive for methamphetamine; and 4) The offender admitted using methamphetamine on 12/19/2005, 1/25/2006, 2/13/2006, 3/7/2006, 3/14/2006, 6/5/2006, 6/6/2006, and 6/11/2006.  The offender was sentenced to seven (7) months imprisonment to be followed by sixty (60) months of supervised release.  The following special conditions were imposed:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.

The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

3. Without the prior approval of the Probation Office, the defendant shall not enter the area which is bordered by Dillingham Boulevard, Waiakamilo Street, Kalihi Street, and King Street, as depicted in the map to be attached to the Judgment.

4. That the defendant is prohibited from the possession and use of alcohol.

Supervised Release Warrant Issued: On 7/27/2007, the Court issued a No Bail warrant based on Violation Nos. 1 to 5.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

The purpose of this Amended Request for Course of Action is to amend **Violation No. 1 to include a change in charged offenses and guilty plea.** It is recommended that the Petition for Request for Action dated 7/27/2007 and filed on 7/27/2007 include the following violation(s):

1. **Original violation**: On 7/26/2007, the offender engaged in conduct constituting State of Hawaii crimes, to wit, Promoting a Dangerous Drug in the Second Degree; Promoting a Dangerous Drug in the Third Degree; Prohibited Acts Related to Drug Paraphernalia; and Promoting a Detrimental Drug in the Third Degree, in violation of Hawaii Revised Statutes (H.R.S.) §§ 712-1242, 712-1243, 329-43.5, and 712-1249, respectively, and in violation of the General Condition.

   **Amended Violation**: On 1/23/2008, the offender pled guilty to State of Hawaii offenses; Count 1: Promoting a Dangerous Drug in the Second Degree; Count 2: Unlawful Use of Drug Paraphernalia; and Count 3: Promoting a Detrimental Drug in the Third Degree, in violation of Hawaii Revised Statutes (H.R.S.) §§ 712-1242, 329-43.5, and 712-1249 respectively and in violation of the General Condition.

2. On 7/26/2007, the offender was in possession of 13 bottles of beer, in violation of Special Condition No. 4.

3. The offender refused to comply with drug testing that was part of the treatment regimen, on 3/7/2007, 3/26/2007, and 5/16/2007, in violation of Special Condition No. 1.

4. The offender failed to notify the Probation Officer ten (10) days prior to any change in residence, in violation of Standard Condition No. 6.

5. The offender failed to truthfully answer all inquiries by the Probation Officer, when he denied owning a cellular phone, in violation of Standard Condition No. 3.

Prob 12C Amend 1
(Rev. 3/06 D/HI)

4

     Based on the above, the U.S. Probation Officer recommends that the Request for Action dated 7/27/2007 and filed on 7/27/2007 be amended to include these violations.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] That the Request for Course of Action dated 7/27/2007 and filed on 7/27/2007 be amended to include these violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked. The No Bail warrant issued on 7/27/2007 remains in effect.

[ ] Other

     I declare under penalty of perjury that the foregoing is true and correct

Executed on   3/10/2008

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

---

ORDER OF COURT

     THE COURT ORDERS that the Request for Course of Action dated 7/27/2007 and filed on 7/27/2007 be amended to include these violation(s) and that the subject be brought before the Court to show cause why supervision should not be revoked. The No Bail warrant issued on 7/27/2007 remains in effect.

     Considered and ordered this 10th day of March, 2008, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:     **SILVA, Conrad**
        **Criminal No. CR 00-00111SOM-02**
        **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The offender pled guilty to Count 1:  Conspiracy to Possess With Intent to Distribute and Distribute Methamphetamine Within 1,000 Feet of a School, and Count 2:  Aiding and Abetting the Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of a School, Class B felonies.  He was sentenced by Your Honor on 9/11/2000 to twenty-four (24) months imprisonment with six (6) years supervised release to follow.  The offender began his first supervised release term on 5/28/2002.

On 7/14/2006, the offender's supervised release was revoked and Your Honor sentenced him to seven (7) months imprisonment to be followed by sixty (60) months of supervised release.  The offender began his second supervised release term on 1/31/2007.

The offender's adjustment on his second supervised release term is considered poor.  Although he was gainfully employed as a union electrician, the offender was found to be deceptive and in possession of larger than personal use amounts of methamphetamine.  He was also found in possession of marijuana, drug paraphernalia, and alcohol.

**Violation No. 1 - Pled Guilty to Promoting a Dangerous Drug in the Second Degree, Unlawful Use of Drug Paraphernalia, and Promoting a Detrimental Drug in the Third Degree**:  Our office received information that the offender may have returned to drug dealing activities and was no longer living at his reported address but was living at the Big Surf Hotel, located at 1690 Ala Moana Boulevard in Honolulu.  On 7/26/2007, this officer along with other officers of the U.S. Probation Office made contact with the offender in the parking lot of the Big Surf Hotel.  The offender was driving his reported vehicle, a 1987 Chevrolet S10 pickup truck, license number NZE 133.  Based on our information, our office invoked the special search condition to search the offender's person and vehicle.  As officers began searching the vehicle, the offender admitted that he had methamphetamine and marijuana in a black "fanny pack" bag in his truck.  Upon opening the bag, approximately twelve (12) grams of methamphetamine was found inside.  Approximately two (2) grams of marijuana was also found inside the bag.  Also found inside the bag were other related drug paraphernalia items such as small plastic bags and a scale.  When questioned, the offender reported that the drugs in the bag were only for personal use.  While the search of the truck continued, the offender informed the undersigned that we would find a glass pipe used for smoking methamphetamine in his dash area below the radio.  A glass pipe was found in a black pouch.  The pipe contained a white residue believed to be methamphetamine.

Also found in the search was $483 in cash and a cellular phone.  Honolulu police officers on the scene took the items found into their custody and placed the offender under arrest for Promoting a Dangerous Drug in the Second Degree, Promoting a Dangerous Drug in

Re:   SILVA, Conrad
      Criminal No. CR 00-00111SOM-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2


the Third Degree, Prohibited Acts Related to Drug Paraphernalia, and Promoting a Detrimental Drug in the Third Degree. According to the Honolulu Police Department, the drugs found in the search on 7/26/2007 were established to be methamphetamine and marijuana.

On 7/28/2007, the offender was charged with Count 1: Promoting a Dangerous Drug in the Second Degree; Count 2: Unlawful Use of Drug Paraphernalia; and Count 3: Promoting a Detrimental Drug in the Third Degree. On 1/23/2008, the offender pled guilty to these offenses. Sentencing is scheduled for 4/15/2008 before The Honorable Karl Sakamoto, State of Hawaii First Circuit Court Judge. The offender has stipulated that he is considered a repeat offender. He has also stipulated to a mandatory minimum of three (3) years and four (4) months for Count 1.

**Violation No. 2 - Possession of Thirteen (13) Bottles of Beer**: During the search, probation officers found a cooler containing thirteen (13) bottles of Heineken beer and ice in the bed of the offender's truck. The offender stated that he had purchased the beer for his friends at work. As the Court is aware, the offender is prohibited from possessing or consuming alcohol due to his past problems with alcohol.

**Violation No. 3 - Refused to Comply With Drug Testing That was Part of the Treatment Regimen on 3/7/2007, 3/26/2007, and 5/16/2007**: On 6/15/2007, Your Honor was notified of the offender's missed drug tests. Per the special condition and as part of the treatment regimen, the offender was referred to Freedom Recovery Services (FRS) for outpatient substance abuse counseling and random drug testing. Our office was informed by FRS that on 3/7/2007, 3/26/2007, and 5/16/2007, the offender failed to submit a urine specimen for testing. As the offender was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. With respect to the missed drug test on 3/7/2007, the offender stated that he thought he called FRS but must have forgotten to do so. With respect to the missed drug test on 3/26/2007, the offender stated that he knew about the test but went home after work and fell asleep. He woke up after the normal testing hours at FRS. The offender was admonished on both occasions for his failure to comply with drug testing. With respect to the missed drug test on 5/16/2007, the offender reported that he took his sister-in-law who was eight (8) months pregnant to the hospital and forgot about his drug test. Due to the unique circumstances, this officer agreed to allow the offender to submit a drug test on 5/17/2007 at his home. The offender agreed to be home by 5:30 p.m. that evening. This officer waited at the offender's residence until 6:15 p.m. but he failed to return home as agreed. The undersigned later learned from his girlfriend that the offender did not return home that evening until about 7:30 p.m. As a result, a drug test was not taken from the offender in a timely fashion and his missed drug test could no longer be excused.

Re:   SILVA, Conrad
      Criminal No. CR 00-00111SOM-02
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

As a sanction, the offender was served with a written reprimand and warned that future noncompliance would not be tolerated. He was also warned that a more severe sanction would need to be imposed should he fail to comply in the future. As a result, our office recommended no further action be taken at that time and Your Honor concurred.

**Violation No. 4 - Failed to Notify the Probation Officer ten (10) Days Prior to any Change in Residence**: As mentioned in Violation Nos. 1 and 2, our office received information that the offender was no longer residing at his previously reported address of 1561 C Miller Street in Honolulu. The offender was believed to be residing at the Big Surf Hotel, located at 1690 Ala Moana Boulevard in Honolulu. This officer confirmed with the front desk staff that the offender was residing in room 1004. This officer later confirmed this again with the owner of room 1004. Apparently, private owners of condominium units rent units out on a daily or weekly rate. During the search of the offender's vehicle on 7/26/2007, several receipts from the Big Surf Hotel were found. They confirm that the offender paid $178 to reside at the Big Surf from 7/23/2007 to 7/25/2007. A second receipt shows that the offender paid an additional $84 for 7/25/2007 and 7/26/2007. At the time of his arrest on 7/26/2007, the offender admitted that he moved to the Big Surf Hotel after a fight with his girlfriend. At no time did the offender have permission to change his residence or inform our office of his change of address.

**Violation No. 5 - Failed to Truthfully Answer all Inquiries by the Probation Officer, When he Denied Owning a Cellular Phone**: When questioned on several different occasions by this officer, the offender denied having a cellular phone. His only point of contact was his girlfriend's cellular number. The offender stated to this officer on one occasion that he did not want a cellular phone because it might get him into trouble again. During the search of his vehicle on 7/26/2007, a cellular phone was found in his truck. The offender acknowledged that the cellular phone was his and that he had failed to inform this officer of having a cellular phone.

Re:  SILVA, Conrad
 Criminal No. CR 00-00111SOM-02
 REVOCATION OF SUPERVISED RELEASE
 STATEMENT OF FACTS - Page 4

It is very concerning to our office that the offender was deceptive about his activities during his second supervised release term. The offender moved without notifying our office, and was found to be in possession of marijuana, methamphetamine, drug paraphernalia and prohibited alcohol. He also failed to make himself accessible by changing his residence without permission and not providing his cellular phone number to this officer. All of this shows that the offender returned to his old criminal behaviors and was no longer amenable to supervision. The amount of drug found during the search also seems to indicate that the offender returned to drug dealing. Based on the above, we respectfully recommend that the Request for Course of Action dated 7/27/2007 and filed on 7/27/2007 be amended to include these violations and that the offender be brought before the Court to show cause why supervision should not be revoked. Once the offender is sentenced in state court, our office will request a writ to bring him into federal custody for revocation of his supervised release.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FMC/dck

Re:  SILVA, Conrad
     Criminal No. CR 00-00111SOM-02
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 5

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.